IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PAUL EDWARD CRAWFORD, | Cause No. CV 26-66-BU-BMM |
| Petitioner, | |
| vs. | ORDER |
| ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Paul Edward Crawford ("Crawford"), a state pro se prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and exhibits in support. (Docs. 1 & 1-1.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Crawford's has not

1

exhausted his petition. The Court dismisses his petition without prejudice.

**Background/Crawfords's Claims**

Crawford challenges a revocation sentence imposed in Montana's Fifth Judicial District, Madison County. (*See* Doc. 1 at 2.) Crawford alleges that he initially received a 5-year suspended sentence in November of 2023 for Theft or Unauthorized Control Over Property in Excess of $5,000. Crawford was committed to the Montana Department of Corrections for 4 years, with none of the time suspended, following a revocation hearing in December of 2025. (*Id*.) Crawford explains that he later learned that the value of the property involved in the underlying matter was actually $4,000, and not in excess of $5,000. (*Id*. at 3.) Crawford contends his revocation sentence was unlawful and excessive. (*Id*. at 6, 14-15.) Crawford also believes that his right to be free from double jeopardy has been violated because he was sentenced twice for the same offense. (*Id*. at 3, 8.)

Crawford currently has a hearing scheduled before the Montana Sentence Review Division on August 6, 2026. (*Id*.) Crawford asks that the Court find the sentence he is serving to be unlawful. Crawford asks that the matter be dismissed immediately and that he be released from custody. (*Id*. at 16.)

**Analysis**

As an initial matter, Crawford has not pled a viable double jeopardy claim. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall

"be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend V. The Double Jeopardy Clause is applicable to the state through the Fourteenth Amendment.  *Benton v. Maryland*, 395 U.S. 784, 789 (1969).  The guarantee against double jeopardy protects against (1) a second prosecution for the same offense after acquittal or conviction and (2) multiple punishments for the same offense.  *See Witte v. United States*, 515 U.S. 389, 395-96 (1995).

State probation revocation proceedings "are not new criminal prosecutions but rather [are] continuations of the original prosecutions which resulted in probation…" *Hardy v. United States*, 578 A. 2d 178, 181 (D.C. 1990); *see also Johnson v. United States*, 529 U.S. 649, 700-01 (2000) ("We attribute post-revocation penalties to the original conviction."); *see also Moor v. Palmer*, 603 F. 3d 658, 660 (9th Cir. 2010) (revocation not a criminal penalty for violating terms, it is a continuation of punishment for the original offense and does not trigger protections of the Double Jeopardy Clause). Revocation proceedings do not involve new criminal prosecutions seeking to punish the defendant for newly committed criminal acts, jeopardy does not attach. Further, upon his revocation, Crawford was sentenced to the suspended portion of his original sentence and given credit for some of the time that he had served.  This outcome does not implicate double jeopardy.  Crawford is not serving his sentence twice; it is being served once with an interruption following his failed release on probation. No legal

3

basis exists for a double jeopardy challenge to his revocation sentence.

To the extent that Crawford's present claims are cognizable under 28 U.S.C. § 2254, the claims remain unexhausted. A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.; See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three

prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

Crawford acknowledges that he has an active matter pending before the Montana Sentence Review Division. Following the conclusion of those proceedings, and depending upon the outcome, Crawford may still need to present his federal claims to the Montana Supreme Court. The Montana Supreme Court has not yet considered the claims Crawford attempts to advance.  Crawford must first present his claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give the state courts one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. The Court cannot review Crawford's claims because Crawford has not yet completely exhausted his available state court remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982).  Crawford may refile if and when he fully exhausts his claims.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Crawford has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would not find the procedural ruling debatable. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Crawford's Petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 7th day of July, 2026.

Brian Morris, Chief District Judge
United States District Court